J-S04001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BORIS RUBINSTEIN, DMD, GRACE | : | No. 1264 EDA 2019 |
| WOO, DMD, YES DENTAL, P.C., | : | |
| HEALTH PARTNERS PLANS, INC., | : | |
| WILLIAM S. GEORGE, AVESIS, INC. | : | |
| AND CHRIS SWANKER | : | |

Appeal from the Order Entered April 12, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180201532

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 17, 2020**

Appellant, Sergei Kovalev, appeals *pro se* from the trial court's April 12, 2019 order granting Appellee's, Grace Woo, DMD, motion to strike his objections to subpoenas.  We affirm.

The trial court provided the following summary of this case:

[Appellant] filed this appeal that is currently at issue from an order entered by this [c]ourt that granted a motion to strike [his] objections to subpoenas that [Dr. Woo] intended to serve pursuant to Pa.R.C.P. 4009.21.[1]  [Dr. Woo] sent a letter to

---

[1] Rule 4009.21 provides:

(a) A party seeking production from a person not a party to the action shall give written notice to every other party of the intent to serve a subpoena at least twenty days before the date of

[Appellant] that stated her intent to serve subpoenas on[:] Health Partners, Quality Insights of Pennsylvania, Social Security Administration, Irina Stepansky Family Dentistry, Avesis Incorporated, Pennsylvania Department of Public Welfare, and Social Security Disability. [Appellant] objected to [Dr. Woo's] notice of intent and filed a motion for a protective order. This [c]ourt struck [Appellant's] objections to subpoenas.

By way of background, [Appellant] brought this action for personal injuries that allegedly occurred during dental work conducted by the [d]efendants. Judge Arnold L. New was the [previous] team leader of the Day Forward 2018 Major Jury Trial Program when [Appellant] first filed this case. On August 22, 2018, Judge New entered an [o]rder that sustained in part defense preliminary objections, and dismissed … Health Partners Plans, Inc., William S. George, Avesis Incorporated[,] and Chris Swanker. The remaining [d]efendants in this action are now Boris Rubinstein, DMD, [Dr. Woo], and Yes Dental, P.C. In resolving preliminary objections, Judge New also dismissed multiple counts of the amended complaint that contained various theories for recovery against [them].

[Appellant] took the position that this action was not a medical malpractice action, and that he was, therefore, exempt from the

---

service. A copy of the subpoena proposed to be served shall be attached to the notice.

(b) The written notice shall not be given to the person named in the subpoena.

(c) Any party may object to the subpoena by filing of record written objections and serving a copy of the objections upon every other party to the action.

(d)(1) If objections are received by the party intending to serve the subpoena prior to its service, the subpoena shall not be served. The court upon motion shall rule upon the objections and enter an appropriate order.

(2) If objections are not received as provided in paragraph (1), the subpoena may be served subject to the right of any party or interested person to seek a protective order.

Pa.R.C.P. 4009.21 (notes omitted).

requirement of filing a certificate of merit pursuant to Pa.R.C.P. 1042.3. Judge New rejected [Appellant's] argument and ruled that [Appellant's] amended complaint sounded, at least in part, in professional malpractice, and that a certificate of merit would be required to support those allegations sounding in professional malpractice. In the fall of 2018, this [c]ourt assumed a supervisory capacity over the above-captioned matter when it became team leader of the Day Forward 2018 Major Jury Trial Program.

After this matter was transferred to this [c]ourt, [Appellant] still maintained his position that allegations in the amended complaint did not require a certificate of merit. [Appellant] maintained this position despite the fact that Judge New previously ordered him to file a certificate of merit in support of those allegations in the complaint that sounded in professional malpractice. After a second hearing held before this [c]ourt that focused on [Appellant's] failure to file a certificate of merit, this [c]ourt struck allegations of [n]egligence and [n]egligent [i]nfliction of [e]motional … [d]istress from the amended complaint because [Appellant] failed to comply with Judge New's order requiring the filing of a certificate of merit.

As the matter currently stands, the remaining allegations in the amended complaint seek recovery on theories of [b]attery and [i]ntentional [i]nfliction of [e]motional [d]istress from … Boris Rubinstein, DMD, and [Dr. Woo]. [Appellant] also seeks a recovery from … Yes Dental, P.C., on a theory of [i]ntentional [i]nfliction of [e]motional [d]istress. For these intentional torts, [Appellant] seeks compensatory damages, pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress, mental anguish[,] and punitive damages.

Trial Court Opinion (TCO), 8/20/19, at 1-3 (internal citations omitted).

On April 12, 2019, Appellant filed a timely notice of appeal from the trial court's order granting Dr. Woo's motion to strike his objections to the

subpoenas, which had been entered on the docket that same day.[2,3] Subsequently, on April 18, 2019, Appellant filed a motion for reconsideration, which the trial court denied on August 16, 2019. Despite asserting that it was denying Appellant's motion for reconsideration, the trial court stated in its August 16, 2019 order that it nevertheless "will *sua sponte* amend its April [12], 2019 Order to specifically limit the time and scope of the records that [Dr. Woo] seeks to subpoena. [Dr. Woo] may seek medical records and payment of disability benefits held by third parties for a period of five (5) years

---

[2] Dr. Woo explains in more detail that the at-issue subpoenas were directed to:

> (1) Health Partners, a Philadelphia[-]based health insurer[;] (2) Avesis, Inc[.], a provider of dental services[;] (3) Quality Insights of Pennsylvania, a provider of healthcare solutions[;] (4) Pennsylvania Department of Public Welfare[;] (5) Social Security Administration; (6) Social Security Disability[;] (7) Irina Stepansky Family Dentistry, a provider of dental services[;] and (8) Medicare. All of these entities were likely to possess information relevant to the matter at hand — [Appellant's] alleged dental injuries, as well as any mental or economic damages therefrom.

Dr. Woo's Brief at 17 (citations to record omitted). Most of these subpoenas did not limit the records requested to a specific time period. *See* Appellant's Objections to December 10, 2018 Subpoenas Proposed by Dr. Woo, 12/12/18, at Exhibit A.

[3] The trial court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he did not do so.

prior to the date of injury. [Dr. Woo] may also seek records pertaining to the amounts of any liens held by said third parties." *See* Order, 8/16/19.[4]

Presently, Appellant raises four issues for our review:

1. Did the trial court err and/or abuse its discretion by allowing unrelated[-]to[-]this[-]legal[-]action RecordTrak[5] to collect, to store, and to disseminate [Appellant's] private and confidential records, including medical records?

2. Did the trial court err and/or abuse its discretion by allowing unrelated[-]to[-]this[-]legal[-]action RecordTrak to carry out [the] unauthorized practice of law by requesting multiple subpoenas from the court, by creating legal documents, and by servicing subpoenas without providing required statutory notices to [Appellant]?

3. Did the trial court err and/or abuse its discretion by allowing violations of the Rules of Civil Procedure by [Dr.] Woo and by her attorneys that were servicing subpoenas without providing required statutory notices to [Appellant] and were disseminating [Appellant's] private and confidential records, including medical records[,] through the use of non-party RecordTrak?

4. Did the trial court err and/or abuse its discretion by allowing unlimited discovery of records related to [Appellant], who presented only several specific assault and battery claims against several defendants?

_____

[4] We presume that the trial court believed it could amend its April 12, 2019 order, notwithstanding Appellant's filing of a notice of appeal, pursuant to Pa.R.A.P. 1701(b)(6). *See* Pa.R.A.P. 1701(b)(6) ("After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may … [p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order."); *see also* TCO at 3 ("The appeal currently under review in this matter was taken from an interlocutory discovery order and should be dismissed solely on those grounds alone.").

[5] According to the trial court, RecordTrak is "a third party document management company[,]" which Dr. Woo engaged "to gather and organize records related to the case." *See* TCO at 4.

Appellant's Brief at 6.

Before we can proceed to the merits of these issues, we initially must determine whether the trial court's April 12, 2019 order is appealable. Appellant contends that this order satisfies the collateral order doctrine pursuant to Pa.R.A.P. 313. *See id.* at 2. This Court has explained:

> An appeal may be taken only from a final order unless otherwise permitted by statute or rule. A final order is ordinarily one which ends the litigation or disposes of the entire case; however, "[a]n appeal may be taken as of right from a collateral order of an administrative agency or court." [Rule] 313(a). A collateral order is defined under [Rule] 313(b) as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."

*Dibble v. Penn State Geisinger Clinic, Inc.*, 806 A.2d 866, 869 (Pa. Super. 2002) (citation omitted; some brackets added). Thus, we consider three prongs in determining whether an order satisfies Rule 313: "1) whether the order [is] separable from the main cause of action, 2) whether the right involved [is] too important to be denied review and 3) whether the claim would be irreparably lost should review be denied." *See id.* (citation omitted). We note that, "[i]n analyzing the importance prong, we weigh the interests implicated in the case against the costs of piecemeal litigation. … [I]t is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999) (citations omitted). We also acknowledge that "the collateral order doctrine is to be

construed narrowly[,]" and that "the collateral order rule's three-pronged test must be applied independently to each distinct legal issue over which an appellate court is asked to assert jurisdiction pursuant to Rule 313." **Rae v. Pennsylvania Funeral Directors Ass'n**, 977 A.2d 1121, 1126, 1130 (Pa. 2009).

Appellant has satisfied the requirements of the collateral order doctrine with respect to Issues 1, 2, and 3. First, these issues pertain to RecordTrak's participation in discovery and its purported dissemination of Appellant's records, which are separate issues from the merits of his underlying battery and intentional infliction of emotional distress claims. Second, the protection of personal information from unrelated third parties and improper dissemination constitutes an important right that extends beyond the litigation at hand. Finally, if we were to postpone our review, Appellant's claims would be irreparably lost, as we cannot undo the improper disclosure and dissemination of his information through RecordTrak. Accordingly, Appellant has satisfied the requirements of the collateral order doctrine with respect to Issues 1, 2, and 3.

With respect to Issue 4 — regarding the scope of discovery — we fail to see how this issue meets the importance prong. Appellant argues that the trial court erred and/or abused its discretion "by allowing unlimited discovery of records related to [Appellant], who presented only several specific assault and battery claims against several defendants[.]" Appellant's Brief at 6. He claims that Dr. Woo's "discovery requests reflected in [the] eight subpoenas

are overly broad and unlimited by relevant time frames or relevant subject matter." *Id.* at 49. He maintains that "not a single subpoena had any time limitations and all subpoenas were requesting entire life-time records without any time/date limitations. [Dr. Woo was] seeking unlimited private, confidential, and medical records in the legal action, where [Appellant] was not seeking any financial losses…." *Id.* at 16-17.

Thus, the crux of Appellant's Issue 4 concerns Dr. Woo's allegedly excessive and irrelevant collection of documents, not the question of whether any such information is privileged. *See* Appellant's Reply Brief at 4 ("The second part of this [a]ppeal is the excessive collection of documents that defendants do not need for their defense.") (emphasis omitted). Weighing Appellant's interests in limiting the discovery of purportedly irrelevant records against the costs of piecemeal litigation, *see Ben, supra*, we determine that immediate appellate review of this issue is not necessary. Appellant has not convinced us that disputes over the breadth of discovery outweigh the importance of upholding the final order rule and preventing delays in litigation. Accordingly, Issue 4 does not meet the importance prong of the collateral order doctrine, and we therefore decline to review this issue.

Turning now to the merits of Issues 1, 2, and 3, we acknowledge at the outset that, "[i]n reviewing the propriety of a discovery order, we determine whether the trial court committed an abuse of discretion and, to the extent that we are faced with questions of law, our scope of review is plenary." *Kelley v. Pittman*, 150 A.3d 59, 63 (Pa. Super. 2016) (citations omitted).

In Appellant's first issue, he argues that the trial court erred and/or abused its discretion "by allowing … RecordTrak to collect, to store, and to disseminate [Appellant's] private and confidential records, including medical records[.]" Appellant's Brief at 6. Appellant contends that "RecordTrak is not affiliated in any way or in any form with this legal action, but was involved in hostile identity theft by performing[, without authorization] by [Appellant,] collection of private, confidential, and privileged records related to [him]. RecordTrak also sells collected information and records." *Id.* at 38.

We discern no error of law or abuse of discretion by the trial court. As Dr. Woo points out, Pennsylvania Rule of Civil Procedure 4009.1(a) provides:

> (a) Any party may serve … a subpoena upon a person not a party pursuant to Rules 4009.21 through 4009.27 to produce and permit the requesting party, *or someone acting on the party's behalf*, to inspect and copy any designated documents (including writings, drawings, graphs, charts, photographs, and electronically stored information), or to inspect, copy, test or sample any tangible things or electronically stored information, which constitute or contain matters within the scope of Rules 4003.1 through 4003.6 inclusive and which are in the possession, custody or control of the party or person upon whom the request or subpoena is served, and may do so one or more times.

Pa.R.C.P. 4009.1(a) (emphasis added); *see also* Dr. Woo's Brief at 17. Based on the language of the rule, we agree with Dr. Woo that the Pennsylvania Rules of Civil Procedure permit a party to use an entity acting on its behalf to collect responsive documents to a subpoena. *See* Dr. Woo's Brief at 19. Furthermore, to the extent Appellant asserts that RecordTrak plans to

disseminate his information for its financial gain, he directs us to no convincing evidence supporting this claim.[6]  Thus, no relief is due on this basis.

In Appellant's second issue, he challenges RecordTrak's participation in this litigation.   Specifically, he maintains that the trial court permitted "RecordTrak to carry out [the] unauthorized practice of law by requesting multiple subpoenas from the court, by creating legal documents, and by servicing subpoenas without providing required statutory notices to [Appellant.]"  Appellant's Brief at 6.  He insists that RecordTrak "was not authorized by any laws to request any subpoenas or to receive any information about [Appellant]."  *Id.* at 48.

Again, no relief is due.  As we discussed *supra*, Pennsylvania Rule of Civil Procedure 4009.1(a) permits a party to engage an entity acting on its behalf to inspect and copy designated documents pursuant to a subpoena. *See* Pa.R.C.P. 4009.1(a).  Additionally, Dr. Woo ascertains — and the record supports — that "[t]he notices [of intent to serve a subpoena] were sent [to Appellant] on December 10, 2018 under [a] cover letter signed by the

_____

[6] To support this argument, Appellant argues that RecordTrak made an offer to him to purchase a copy of his own records collected pursuant to the subpoenas.  *See* Appellant's Brief at 41 (citation to record omitted).  However, we fail to see how this single offer to Appellant to purchase his own records proves his assertion that RecordTrak "was creating subpoenas with the intention to steal [the] identity of [Appellant] (and his private records) for future sale and re-sale of [his] records for RecordTrak's financial benefits." *Id.*; *see also id.* at 34 (stating that RecordTrak "sells … records to entities willing to pay RecordTrak's fees").

attorney of record on behalf of Dr. Woo, and the same attorney's name appeared on all of the proposed subpoenas included in the notice letter." Dr. Woo's Brief at 22 (citations to record omitted). Finally, with regard to Appellant's contention that RecordTrak served subpoenas without providing the required statutory notice,[7] this allegation has no meaningful support in the record.[8] Again, no relief is due.

In Appellant's third issue, he contends that the trial court erred and/or abused its discretion "by allowing violations of the Rules of Civil Procedure by [Dr.] Woo and by her attorneys that were servicing subpoenas without providing required statutory notices to [Appellant] and were disseminating [Appellant's] private and confidential records, including medical records[,]

---

[7] **See** Pa.R.C.P. 4009.22(a)(1) (requiring, *inter alia*, that "the notice of intent to serve a subpoena was mailed or delivered to each party at least twenty days prior to the date on which the subpoena is sought to be served").

[8] Appellant argues that, "[d]espite the fact that RecordTrak was claiming that subpoenas would be served only after twenty days (counting from … December 10, 2018), unless objected by [Appellant], it was a false claim because RecordTrak served subpoenas (to the best available information) approximately at the same time when it mailed notices for the first time to [Appellant]." Appellant' Brief at 17. Nevertheless, he cites to no evidence of record to support this contention. Further, he says that Dr. Woo's attorneys "openly admitted that they served subpoenas at the time when [Appellant's] objections to subpoenas were filed (and pending) with the court and before [Dr.] Woo's attorneys obtained [the] April [12], 2019 order. On March 25, 2019, [Dr.] Woo's attorneys filed a motion to strike [Appellant's] objections to subpoenas. [Dr.] Woo's attorneys' admission of fraud is in the name of [Dr.] Woo's motion that is titled, 'Defendant Grace Woo's Motion to Strike Plaintiff['s] Objections to Subpoenas **served pursuant to Pa.R.C.P. 4009.21**.'" Appellant's Brief at 35 (citation to record omitted; emphasis in Appellant's brief). We are unconvinced that the mere title of Dr. Woo's motion demonstrates that she prematurely served the subpoenas.

through the use of non-party RecordTrak[.]" Appellant's Brief at 6. Appellant advances that "[a]ttorneys for [Dr. Woo] have no ability to 'authorize' [a] non-attorney records retrieval company to practice law in … Pennsylvania. Moreover, attorneys for [Dr. Woo] were encouraging [this] non-attorney company to practice law, when they were paying money to this company to obtain unlawfully [Appellant's] records." *Id.* at 45. He also reiterates his contention that "[Dr.] Woo or her attorneys unlawfully served all eight subpoenas without informing [Appellant] of such service." *Id.* at 44.

For the reasons we have already discussed, Appellant's argument lacks merit. Dr. Woo was able to utilize RecordTrak under Pennsylvania Rule of Civil Procedure 4009.1(a) in order to collect responsive documents to the subpoenas. Furthermore, Appellant proffers no persuasive evidence showing that Dr. Woo served the subpoenas without providing the required statutory notice. Consequently, we again determine that no relief is due. Thus, based on the foregoing, we affirm the trial court's April 12, 2019 order.[9]

Order affirmed.

---

[9] Because the April 12, 2019 order was appealable under the collateral order doctrine, and Appellant had filed a notice of appeal therefrom in April of 2019, we conclude that the trial court lacked jurisdiction to enter its August 16, 2019 order amending the scope of discovery. *See* Pa.R.A.P. 1701(a)(1) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). As a result, the trial court's August 16, 2019 order must be disregarded.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/20